**Dated: March 8, 2016**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:                                    CASE NO.  12-80365– TRC
CANDACE MARIE TUMBLSON                     CHAPTER  13

                Debtor.

## <u>ORDER OF DISMISSAL</u>

Before the Court is the Standing Chapter 13 Trustee's Motion to Dismiss (Docket Entry 54) and the Debtor's Objection (Docket Entry 56).  The Trustee seeks dismissal because the Debtor is at least 28 months delinquent in her direct-pay home mortgage payment.  The Court held several hearings in this matter and allowed the Debtor time to cure the deficiency.  However, the parties have submitted a Joint Stipulation on Motion to Dismiss (Docket Entry 63) in lieu of an evidentiary hearing, and the time has come to decide the Motion to Dismiss on the merits.  After considering the arguments, pleadings, Joint Stipulation, and applicable law, for the reasons stated herein, the Court finds that the Motion should be granted and the case dismissed.

## Stipulation of Facts

The Court adopts as its findings of fact the following stipulation submitted by the parties:

1.      The Debtor's Original Plan was confirmed on June 15, 2012 and provided that the Trustee pay the regular home mortgage payment and the pre-petition arrears and 100% to non-priority unsecured claims.

2.      The Debtor filed a Motion to Modify the Plan on September 10, 2012 and filed Modified Plans on September 10, 2012, September 11, 2012 and September 18, 2012.

3.      The first two proposed Modified Plans provided for the Trustee to continue to make the home mortgage payment, however, the final Modified Plan proposed to have the Debtor make the regular monthly mortgage payment as a loan modification agreement had been approved lowering the monthly mortgage payment to $496.69.

4.      The final Modified Plan was confirmed on October 15, 2012 and lowered the Debtors plan payment from $1969 to $751 and shortened the plan term from 60 months to 48 months.

5.      The Debtor failed to pay the mortgage loan and is at least 28 months delinquent.

6.      Section 5, Class II.A. of the confirmed plan at Page 13 provides that ". . . the Debtor(s) shall pay directly . . . the continuing payments in the amounts set forth . . . ."

7.      The Debtor has failed to comply with the provisions of the plan at Page 13.

8.      The Debtor has made all plan payments to the Trustee and all creditors who filed claims other than JP Morgan Chase have been paid in full pursuant to the confirmed plan.

9.      If the Court grants the Debtors a discharge under 11 U.S.C. § 1328(a) then the debt to JP Morgan Chase will be excepted from discharge under 11 U.S.C. § 1328(a)(1).

## Conclusions of Law

The Trustee argues that in failing to make payments to her mortgage creditor, the Debtor is in material default of the terms of her confirmed plan. The Debtor admits that her confirmed plan requires her to make direct mortgage payments to JP Morgan Chase Bank NA and that this is a failure to comply with the provisions of her plan. However, she argues that she has made all other payments as required by the plan and therefore qualifies for a discharge pursuant to 11 U.S.C. § 1328(a).

This Court may dismiss or convert a case for material default with respect to a term of a confirmed plan, pursuant to 11 U.S.C. § 1307(c)(6). The Debtor's Modified Plan and Summary states the "The Debtor will enter into a voluntary modification of the home mortgage and make all payments outside the plan." This proposed modification was confirmed by this Court. This is a binding term of her confirmed plan. It is undisputed that she failed to make the required direct payments to JP Morgan Chase for at least 28 months. Therefore, this Court finds that her failure to make the direct payments is a material default of the confirmed plan.

The Trustee's Motion to Dismiss indicates that he was made aware of the Debtor's default regarding mortgage payments approximately two years after she stopped making payments. The Debtor has offered no information or accounting regarding the missed payments. This Court understands that the Debtor has completed the other payments required under her confirmed plan, and that she paid 100% of the remaining filed, allowed claims. However, she does not qualify for a discharge pursuant to 11 U.S.C. § 1328(a). That section conditions a discharge upon the "completion by the debtor of all payments under the plan . . . ." Numerous courts have held that direct payments made to creditors pursuant to a confirmed plan are "payments under the plan" as referenced in § 1328(a). *See In re Formaneck,* 534 B.R. 29 (Bankr. D. Colo. 2015); *In re Gonzales,*

532 B.R. 828, 831 (Bankr. D. Colo. 2015)(collecting cases)("All courts that have examined the question of whether payments required to be made directly to creditors under a confirmed chapter 13 plan are 'payments under the plan,' as that term is used in § 1328(a), have answered the question in the affirmative.")

Based upon the stipulated facts and the cited legal authority, the Court concludes that the Debtor's failure to make direct payments on her home mortgage to JP Morgan Chase constitutes a material default regarding the terms of her confirmed plan. She is not entitled to a discharge since she has failed to make all payments required by the plan. The Trustee seeks dismissal and the Debtor has not requested conversion to chapter 7. Therefore, it is the Court's decision to grant the relief requested by the Trustee as in the best interest of all creditors and the estate.

**Order of the Court**

IT IS THEREFORE ORDERED that the Standing Chapter 13 Trustee's Motion to Dismiss (Docket Entry 54) is **granted**.

IT IS FURTHER ORDERED that this case is **dismissed for cause pursuant to 11 U.S.C. § 1307(c)(6).**

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall file a Chapter 13 Final Report and Account for a Dismissed Case in accordance with the U.S. Trustee's procedures.

Movant to notify interested parties of this Order.

###